IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELLE JORDAN,

      Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC and
COMCAST OF
FLORIDA/GEORGIA/ILLINOIS/
MICHIGAN, LLC,

      Defendants.

1:14-cv-03622-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Comcast Cable Communications Management, LLC's and Comcast of Florida/Georgia/Illinois/Michigan LLC's (collectively "Defendants") Motion to Strike [15]. The Motion seeks to strike references in the Amended Complaint to a letter that Defendants contend constitutes inadmissible settlement discussions. Defendants seek the Court to require Plaintiff Michelle Jordan ("Plaintiff") to file a further Amended Complaint without references to the letter.

## I.  BACKGROUND

On November 10, 2014, Plaintiff filed this action against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").[1]  Plaintiff alleges that, in June 2014, Defendants used an automatic telephone dialing system to call Plaintiff's cell phone number in an attempt to collect a debt.  These calls, Plaintiff claims, continued even after she told Defendants to cease calling her cell phone.  Plaintiff claims that she never had an account with Comcast, and that the calls she received were requests to speak to a person other than her.  Plaintiff alleges that the calls to her violated the TCPA.

On January 14, 2015, Plaintiff filed an Amended Complaint seeking injunctive relief and damages.  In addition to claims under the TCPA, Plaintiff asserts claims against Defendants for violations of O.C.G.A. § 46-5-27[2] and

---

[1] The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded device . . . to any telephone number assigned to a . . . cellular telephone service."  See 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA creates a private right of action that allows a person to commence "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages from each such violation, whichever is greater."  Id. at § 227(b)(3)(B).

[2] O.C.G.A. § 46-5-27 prohibits a person or entity from making solicitations to the telephone line of any residential, mobile, or wireless subscriber in Georgia who has objected to receiving telephone solicitations.  See O.C.G.A. § 46-5-27(c).

O.C.G.A. § 10-1-393.[3]

Paragraph 16 of the Amended Complaint alleges that "[a] letter from [Defendants'] representatives confirming that Comcast obtained cellular telephone number 678-663-0924 from a person who is not the Plaintiff is attached as Exhibit 'B.'"[4]  Am. Compl. at ¶ 16.  Paragraph 45 of the Amended Complaint alleges:

> In addition, upon informing COMCAST of its violative practices, COMCAST willfully, through counsel, admitted that its calls to Plaintiff were intended for another person or relative of the Plaintiff (the "third party"), disclosed the nature and amount of the debts owed by the third party, and threatened to "take action" against the Plaintiff and "other relatives" for the alleged debts that were owed by the third party.

Id. at ¶ 45.

Defendants move to strike paragraphs 16 and 45 from Plaintiff's Amended Complaint.  They contend that paragraphs 16 and 45 refer to a letter that Defendants' counsel sent to counsel for Plaintiff in response to a settlement demand made by Plaintiff's counsel.  On December 23, 2014, Defendants' counsel, Brynne S. Madway, sent a letter to Plaintiff's counsel, Todd Davis.  [17-1 at 1.].

---

[3] O.C.G.A. § 10-1-393 prohibits unfair and deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.  See O.C.G.A. § 10-1-393(a).

[4] Plaintiff did not attach Exhibit "B" to her Amended Complaint, and Exhibit "B" was not filed with the Amended Complaint.

3

At the top of the letter was this legend:  "**CONFIDENTIAL COMMUNICATION FOR SETTLEMENT PURPOSES ONLY SUBJECT TO FEDERAL RULE OF EVIDENCE 408**."  Id.  In the letter, Defendants' counsel stated:

> We are in receipt of your "Invitation to Settle" letter dated December 5, 2014.  We reject your offer to resolve this matter for $15,000, and request that you inform us within seven (7) days whether you intend to pursue this baseless action any further in light of the relevant facts set forth below.  Comcast reserves its right to take all appropriate action against your client and other implicated parties should you elect to proceed with this action.
>
> Please be advised that your client, Michelle Jordan, is also known as Michelle Boddie.  The telephone number at issue in this action (678-663-0924) was provided to Comcast as the primary contact telephone number on multiple Comcast accounts, each of which is delinquent (for a total principal amount owed to Comcast of $1906.26), each of which was created under different names to avoid debts owed to Comcast, and each of which is connected with your client.  Your letter acknowledges that your client received calls for "Mr. Bodie," who, contrary to the suggestion in the complaint, is related to your client, provided the telephone number at issue in connection with multiple Comcast accounts, and owes significant funds to Comcast along with other relatives of plaintiff, that Comcast will seek to recover.

Id.

Defendants argue that Plaintiff's references to this letter in the Amended Complaint should be struck because the letter and its contents are inadmissible

under Rule 408 of the Federal Rules of Evidence.[5] Defendants also argue that the Amended Complaint's allegations that refer to the letter are irrelevant and prejudicial to Defendants because they "paint [Defendants] in a negative light." See Defs.' Mot. to Strike at 9.

---

[5] Rule 408 of the Federal Rules of Evidence provides:

**(a) Prohibited Uses.** Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> **(1)** furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

See Fed. R. Evid. 408. The Eleventh Circuit has held that "the test for whether statements fall under this rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." See Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 642 (11th Cir. 1990).

**II.   DISCUSSION**

A motion to strike material contained in pleadings is governed by Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

"'Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.'"  See Augustus v. Bd. of Public Instruction of Escambia Cty. Fla., 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).[6]  Unless the moving party shows prejudicial harm, "the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.  Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for the determination on the merits."  Id.; Stephens v. Trust for Public Land, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing of

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit that were decided prior to October 1, 1981.

prejudice."); see also Tolar v. Cummings, 2014 WL 3974671, No. 2:13-cv-00132-JEO, at *6 (N.D. Ala. Aug. 11, 2014) (applying Augustus to deny motion to strike on the ground that the complaint contained evidence inadmissible under Rule 408 because defendants failed to explain how they would be prejudiced by the presence of the allegations in the complaint); Sibille v. Davis, No. 3:13-CV-566-WKW, 2013 WL 6038720, at *3 (M.D. Ala. Nov. 14, 2013) ("Rule 408 disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.") (internal quotation marks and citations omitted); Badilo v. City of Deerfield Beach, No. 13-60057-CIV, 2013 WL 3762338, at *2 (S.D. Fla. July 16, 2013).

Striking material from pleadings is considered a drastic and disfavored remedy because "pleadings are only allegations, and allegations are not evidence of the truth of what is alleged." See Wright v. Farouk Sys., Inc., 701 F.3d 907, 911 n.8 (11th Cir. 2012). Rule 408 is a rule of evidence, not a rule of pleading, and the allegations contained in the Amended Complaint are not evidence. Id.

Here, Defendants offer their conclusory assertion that the allegations in the Amended Complaint are prejudicial because they "paint [Defendants] in a negative light." See Defs.' Mot. to Strike at 9. This general claim is not enough to meet Defendants' burden under Rule 12(f) to strike allegations in a pleading. Prejudice

7

is not assumed simply because a moving party finds material in a pleading to be objectionable or offensive.  See Cty. Vanlines Inc. v. Experian Info. Solutions, 205 F.R.D. 148, 153 (S.D.N.Y. 2002).  A moving party must show that a failure to strike the disputed material will cause tangible harm such as increased time or expense of trial, unnecessary expense caused by litigating an invalid claim or a confusion of the issues.  See Estee Lauder, Inc. v. Fragrance Counter Inc., 189 F.R.D. 269, 272 (S.D.N.Y. 1999); see also Hardin v. American Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999) ("Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party.").

The Court notes that the December 23, 2014, letter from Defendants' counsel which Plaintiff chose to allege in the Amended Complaint appears to fall within the exclusionary provisions of Rule 408 of the Federal Rules of Evidence. The matter of the admissibility of the letter may be raised by Defendants later in this litigation.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike is **DENIED** [15].

**SO ORDERED** this 9th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE