IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELLE JORDAN,

    Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC and
COMCAST OF
FLORIDA/GEORGIA/ILLINOIS/
MICHIGAN, LLC,

    Defendants.

1:14-cv-3622-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Comcast Cable Communications Management, LLC's and Comcast of Florida/Georgia/Illinois/Michigan LLC's (together, "Defendants" or "Comcast") Motion to Quash Subpoenas [43] ("Motion to Quash").

On September 1, 2016, the Court scheduled a hearing on Defendants' Motion for Sanctions to be held on October 12, 2016. On October 5, 2016, attorney for Plaintiff Michelle Jordan ("Plaintiff's Counsel") served a subpoena on Defendants' records custodian requesting Defendants to produce a witness at the hearing and that the witness produce the following documents:

> All documents in your possession, custody, or control reflecting the personally identifiable information of Michelle Jordan a/k/a Michelle Boddie and the date(s) you first obtained such personally identifiable information. Such personally identifiable information shall include, but not be limited to, names, addresses, telephone numbers, Social Security Numbers, and driver's license numbers.

([43.1] at 17-20).

On October 7, 2016, Defendants filed their Motion to Quash. Defendants argue the subpoena seeks irrelevant information and does not allow a reasonable time for compliance.

Rule 45 of the Federal Rules of Civil Procedures provides a subpoena must be quashed or modified if the subpoena:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Plaintiff's Counsel has had nearly six (6) weeks within which to request to conduct discovery or subpoena witnesses or documents relevant to the October 12, 2016, hearing. The Court finds Plaintiff's Counsel's subpoena, served a week

before the hearing and before a three-day holiday weekend, fails to allow a reasonable time to comply and would subject Defendants to undue burden.

Defendants' Motion for Sanctions seeks attorney's fees because of Plaintiff's Counsel's failure to disclose Plaintiff's maiden name and that she previously signed an agreement that required arbitration of the claims Plaintiff asserted.  Thus, the issue for the Court is when Plaintiff's Counsel knew Defendant sought Plaintiff's maiden name, when counsel was aware that Defendant contended that Plaintiff had subscribed for Comcast services using a different account name, and whether Plaintiff's Counsel failed to disclose other names Plaintiff used to subscribe to Comcast services.  When Defendant suspected Plaintiff used other names to obtain services is not relevant to the issue before the Court on October 12, 2016.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Comcast Cable Communications Management, LLC and Comcast of Florida/Georgia/Illinois/Michigan LLC's Motion to Quash Subpoenas [43] ("Motion to Quash") is **GRANTED**.

**SO ORDERED** this 11th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE